**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 07-4800**

---

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

   v.

WILLIAM MARTIN MCNULTY, SR.,

        Defendant - Appellant.

---

Appeal from the United States District Court for the Middle District of North Carolina, at Durham. William L. Osteen, Senior District Judge. (1:06-cr-00445-WLO)

---

Submitted: April 22, 2008          Decided: May 1, 2008

---

Before WILKINSON and GREGORY, Circuit Judges, and HAMILTON, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

Mark E. Edwards, EDWARDS & TRENKLE, PLLC, Durham, North Carolina, for Appellant. Douglas Cannon, Assistant United States Attorney, Robert Michael Hamilton, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

William Martin McNulty pled guilty to two counts of mail fraud, in violation of 18 U.S.C. §§ 1341, 1343 (2000), and one count of securities fraud, in violation of 15 U.S.C. §§ 77q(a), 77x (2000). He was sentenced to 60 months' imprisonment on each count to run concurrently, and ordered to pay $2,973,054.79 in restitution. McNulty appeals his sentence. Finding no reversible error, we affirm.

Counsel has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), concluding there are no meritorious issues for appeal, but questioning whether the district court abused its discretion by imposing restitution when settlement had been reached with one of the victims in civil court. McNulty was advised of his right to file a pro se supplemental brief, but has not done so. The Government elected not to file a brief.

A district court's order of restitution is reviewed for an abuse of discretion. United States v. Henoud, 81 F.3d 484, 487 (4th Cir. 1996). McNulty argued at sentencing that he had previously entered into a consent judgment to pay $700,000 in a civil suit in state court brought by victim Jan Blethen stemming from "a number of agreements and investments." He argued the $135,453.14 restitution the Government requested the district court order him to pay Blethen was part of those same agreements and investments and was thus encompassed by the consent judgment.

- 2 -

However, McNulty presented no evidence that he in fact compensated Blethen for her full loss and thus failed to meet his burden of proving that he compensated the victim so as to preclude restitution.  See United States v. Karam, 201 F.3d 320, 327 (4th Cir. 2000).  Therefore, we find the district court did not abuse its discretion in ordering McNulty to pay restitution to Blethen.

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal.  We therefore affirm the district court's judgment.  This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review.  If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on the client.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED